### DAVID MAYER BREWING CO. v. RIZZO.

(City Court of New York, General Term. June 25, 1895.)

SUPPLEMENTARY PROCEEDINGS—ASSIGNMENT OF LIQUOR LICENSE.

A judgment debtor will not be required to assign a liquor license to a receiver in supplementary proceedings against him, where he had previously mortgaged the license to a third person.

Appeal from special term.

Application by the David Mayer Brewing Company to compel Angelo Rizzo to transfer a liquor license. The application was denied, and petitioner appeals. Affirmed.

Argued before CONLAN and NEWBURGER, JJ.

J. Bradley Tanner, for appellant.
Davis & Kaufman, for respondent.

CONLAN, J. This is an appeal from an order denying a motion to compel a judgment debtor to assign a liquor license to a receiver appointed in supplementary proceedings. It appears from the record that the judgment debtor, prior and down to March 19, 1894, was carrying on a liquor business at No. 70 Crosby street in the city of New York, and that he had a liquor license therefor; that on said 19th day of March, 1894, for what appears to be a good and valuable consideration, he assigned and mortgaged the license he then had, and such others as might be issued to him, to the India Wharf Brewing Company, a corporation doing business in this state. In April, 1895, an application was made to compel the judgment debtor to assign his license to a receiver appointed in supplementary proceedings March 19, 1895. The assignment or mortgage covering the license in question to the India Wharf Brewing Company is not claimed to be fraudulent, or wanting in consideration, nor was it contended that the consideration for said assignment or mortgage had been paid. An assignment, therefore, by the judgment debtor, would have been an idle formality. The receiver can proceed to acquire

the licensed business of the judgment debtor under chapter 480, Laws 1893, § 26, which was enacted to cover cases similar to the one before us. Order appealed from affirmed, with costs.